UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 06-121-KKC

UNITED STATES OF AMERICA                                            PLAINTIFF

VS:                                    RECOMMENDED DECISION

DAN DAFFRON, RpH                                                   DEFENDANT

\* \* \* \* \* \* \*

Defendant Dan Daffron, RpH., moves to suppress evidence in this action. *See* DE# 19. The Grand Jury indicted Daffron on sixteen counts alleging violations of 21 U.S.C. § 841(a)(1) and 843 (a)(3) regarding illegal diversion and acquisition of controlled substances. *See* DE# 3, Indictment. Specifically, the indictment charges Defendant with seven counts of knowingly dispensing controlled substances without a prescription and nine counts of obtaining possession of controlled substances through misrepresentation, fraud, or deception. *See* 18 U.S.C. § 841(a)(1); 843 (a)(3). In part, the Government evidently relies on materials seized from Defendant's residence, pursuant to a search warrant, to support these charges. Defendant contends the warrant application did not establish an adequate nexus between alleged criminal activity and his home, and thus lacked probable cause.[1]

The Court received briefs, heard argument, and offered an evidentiary hearing on February 9, 2006 in this matter. The Court afforded the Defendant and the United States a full and fair opportunity to present evidence, tender documents, and make argument. Based on this record, and

---

[1] Neither party details the nature of the evidence concerned.

1

considering the standards and burdens of production and proof applicable in the suppression context,[2] the Court makes the following recommended decision.

*Discussion*

Defendant, a practicing pharmacist, was the subject of a federal investigation in early 2005. In the course of the investigation, Defendant allegedly dispensed controlled substances without a prescription to a confidential government source, conduct in violation of 21 U.S.C. § 841(a)(1) and 21 C.F.R. § 1306.26(e). *See* DE# 22, Affidavit ¶¶ 5-13. The supporting Affidavit tendered with the warrant application reported several of these exchanges, all of which occurred at Defendant's place of business. *See id*. Because the Affidavit "offered no evidence of illegal conduct" at Defendant's residence, Defendant submits there is no "evidentiary nexus" between the alleged criminal activity and his home. Thus, Defendant concludes that probable cause did not support a search warrant for his residence. Magistrate Judge Johnson issued the federal warrant at issue on April 13, 2005. *See* DE# 21, Search Warrant.

Although the illicit conduct reported in the Affidavit occurred exclusively at Defendant's business, the United States believes probable cause existed as to Defendant's residence primarily via the cited expertise of the affiant, DEA Agent Michael Lowe. In his Affidavit, Agent Lowe explains repeatedly that, in his training and experience, personal residences are commonly used by drug traffickers to conceal drugs, proceeds, or related records. *See id*. ¶ 2(d)-(e). Because of the pharmaceutical business of Defendant, the Affidavit further notes that medical professionals are aware of stringent controlled substance regulation, and those professionals trafficking in controlled

---

[2] The burden for challenging an issued warrant falls on the party seeking to suppress. *See United States v. Waldrop,* 404 F.3d 365, 368 (5th Cir. 2005).

substances will often use their residences to facilitate such crimes or hide evidence. *See id.* ¶ 15. As such, the United States contends there was probable cause to search Defendant's residence based on Defendant's drug trafficking *and* Agent Lowe's expert insights. Alternatively, the Government submits that the *Leon* "good faith" exception to the exclusionary rule should apply.

*Analysis*

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause supported by Oath or affirmation." U.S. Const. amend IV. Probable cause exists where the facts presented in a supporting affidavit would warrant a person of reasonable prudence in the belief that contraband or evidence of a crime will be found. *See Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Circumstances that "indicate a *fair probability* that evidence of a crime will be located on the premises of the proposed search" is sufficient to demonstrate probable cause. *See United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)(emphasis added). The issuing judge evaluates the "totality of the circumstances." *See Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

In evaluating whether an executed warrant lacked probable cause, a reviewing court must accord "great deference" to the determination by the issuing Magistrate Judge. *See United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006). Otherwise, hypertechnical critiques would encourage warrantless searches and undermine Fourth Amendment protections. *See United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000). Thus, a Magistrate Judge's probable cause determination complies with the Fourth Amendment when there is a "substantial basis" for concluding that a search would uncover evidence of wrongdoing. *See Gates*, 462 U.S. at 236; *Allen*, 211 F.3d 973. In a challenge

of this nature, the court limits its evaluation to the "four corners" of the warrant application. *See United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005).

In this case, Defendant essentially disputes that there was probable cause to search his home because there was no *tangible* evidence connecting his residence to the criminal activity reported in the Affidavit. He also dismisses the insight provided by Agent Lowe. Defendant believes Lowe's "training and experience ... cannot substitute for the lack of an evidentiary nexus."

The Court finds Defendant's analysis is misguided. Based on clear authority, Defendant overemphasizes the need for evidence of a direct "connection" to Defendant's residence and underestimates the empirical value of Agent Lowe's expertise.

"[M]agistrates may rely on the conclusions of experienced law enforcement officers" in weighing whether evidence supports a requested search warrant. *See United States v. Fannin*, 817 F.2d 1379, 1381-82 (6th Cir. 1987). Here, Agent Lowe, who has eight years of DEA experience following over a decade of work for Lexington's Police Department, offered his expertise, and explained that drug traffickers commonly use their personal residences to conceal evidence of drug crimes. Lowe cited that link in three distinct contexts. *See* Affidavit ¶¶ 2(d)-(e) and (j). Because the Affidavit presented credible evidence of drug trafficking by Defendant, Agent Lowe's insight *empirically* linked Defendant's residence to the criminal activity. Collectively, this information furnished a substantial basis for finding probable cause to search Defendant's residence under established Sixth Circuit precedent–even without tangible proof of a nexus between Defendant's home and the illegitimate drug trade. *See United States v. Jones*, 159 F.3d 969, 974-75 (6th Cir. 1998); *United States v. Fannin*, 817 F.2d 1379, 1382 (6th Cir. 1987); *United States v. Caicedo*, 85

F.3d 1184, 1193 (6th Cir. 1996); *see also United States v. Goward*, 188 Fed. Appx. 355, 358-59 (6th cir. 2006); *United States v. Jones*, 2006 WL 2918818, at *5 (6th Cir. 2006).[3]

Further Lowe provided a heightened link because of Defendant's specific role as a pharmacist. The Affidavit directly referenced Lowe's experientially-based observation that "medical professionals" are aware of close government tracking of controlled substances and that such professionals "often go to great lengths" to conceal illegal dispensation by "often" keeping evidence at home. *See* Affidavit ¶15. Defendant himself indicated sensitivity to regulatory oversight by refusing to provide the CS with Percocets since "they [arguably, the Government] monitor those real good." *See id.* ¶13. The general link between drug traffickers and residential evidence, combined with the specific tie as to medical professionals unlawfully dispensing, establishes probable cause, particularly in this deferential review.

Thus, Defendant's undivided focus on the absence of a direct connection to his residence is misplaced. It overlooks the collective evidentiary force of Defendant's averred drug diversions and Agent Lowe's expertise. The Magistrate Judge properly issued the warrant. Given the required

---

[3]

Defendant firmly believes *United States v. Frazier*, 423 F.3d 526 (6th Cir. 2005) is controlling in this matter. In *Frazier*, the Sixth Circuit held "the allegation that the defendant is a drug dealer, without more, is insufficient to tie the alleged criminal activity to the defendant's residence." *See Frazier*, 423 F.3d at 533. In that case, however, the supporting affidavit was "based almost exclusively on the uncorroborated testimony of unproven confidential informants." *See id.* Thus, *Frazier* involved the mere allegation or suspicion of drug trafficking by the defendant.

Unlike *Frazier*, there is substantial, credible evidence of drug trafficking in this case because authorities tape recorded the illicit exchanges. Due to this critical distinction, *Frazier* is inapplicable. *See United States v. Gunter*, 2006 WL 2366429, at *3-4 (E.D. Tenn. 2006). Thus, the Court finds the matter at hand is resolved by the previously cited line of authority.

Even if the Court believed that *Frazier* should govern in this case, it appears that *Leon* would apply. The Sixth Circuit ultimately applied *Leon* to validate the search in *Frazier. See Frazier*, 423 F.3d at 536-37. By virtue of his comparison to *Frazier*, Defendant necessarily compromises his position on *Leon*, as discussed below.

deference due that decision, and based on the ample supporting record, this Court rejects any assault on probable cause.

Even if the Court agreed with Defendant's position, his motion to suppress would fail due to the *Leon* "good faith" exception to the exclusionary rule. Because the exclusionary rule exists to deter police misconduct, that rule will not bar evidence seized in reasonable, good faith reliance on a search warrant subsequently determined to be invalid. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Leake*, 998 F.2d 1359, 1366 (6th Cir. 1993).

There is no indication of police misconduct or recklessness in this case, and the purposes of the exclusionary rule are inapplicable. The affiant carefully set out the facts of the investigation, his related empirical expertise, and his experience as a law enforcement officer. Unquestionably, as Defendant concedes, the thorough and well-prepared supporting Affidavit established probable cause with respect to a search of Defendant's business. Agent Lowe then honestly and reasonably linked that probable cause to Defendant's residence by providing further empirical knowledge. Although missing tangible proof, the affiant's efforts to tie probable cause to Defendant's residence were patently in good faith. Based on the *collection of information* presented by the supporting affidavit, authorities were entitled to rely on the warrant, once issued by the federal magistrate. *See United States v. Frazier*, 423 F.3d 526, 536-37 (6th Cir. 2005).

Furthermore, there is nothing to suggest that any of the four exceptions to *Leon* should apply. At best, Defendant argues the supporting Affidavit is "bare bones" as it relates to Defendant's residence, and thus "so lacking in probable cause as to render official belief in its existence entirely unreasonable." *See United States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996).

The "bare bones" exception removes a case from *Leon* if the supporting affidavit does not

provide the judicial officer with a "substantial basis" to determine the existence of probable cause. This standard is, by definition, *below* the probable cause threshold. Excluded "bare bones" affidavits contain only suspicions, beliefs, or conclusions, without providing some underlying factual circumstances to justify a warrant. *See United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005).

Although the supporting Affidavit in this case does not directly connect Defendant's residence to illegal drug trafficking, the Affidavit is not a bare conclusion or statement by Agent Lowe that he believes probable cause exists. *See United States v. Williams*, 224 F.3d 530, 533 (6th Cir. 2000). Instead of being "bare bones," the Affidavit includes straightforward evidence that Defendant dispensed controlled substances without a prescription on several occasions, in violation of federal law. *See* Affidavit ¶¶ 5-13. Agent Lowe then empirically linked probable cause to Defendant's residence based on his knowledge and experience, which suggested that drug traffickers, particularly diverting professionals, commonly use their personal residences to conceal and keep evidence. *See id.* ¶¶ 2(d)-(e), 15. Judges are entitled to rely on the opinions and conclusions of law enforcement in deciding whether to issue a warrant. *See United States v. Fannin*, 817 F.2d 1379, 1381-82 (6th Cir. 1987). Thus, Agent Lowe's Affidavit is not "bare bones," and that exception to *Leon* does not apply.[4] Defendant's drug trafficking and Agent Lowe's expertise

---

[4]

In advocating for the opposite conclusion, Defendant cites *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996). His reliance is misplaced. In *Weaver*, the affidavit relied exclusively on uncorroborated hearsay information provided by an informant with no indication regarding the informant's reliability. *See id.* at 1378-79. Failure by police to corroborate the information removed the affidavit and warrant in that case from the *Leon* "good faith" exception. *See id.* at 1381.

Here, the supporting Affidavit does not rely on uncorroborated or otherwise questionable information provided by an informant. Unlike *Weaver*, the Affidavit supplies *credible* evidence of drug trafficking based on recorded transactions. This combination of evidence presented in the Affidavit is much more than "bare bones" under Sixth Circuit precedent. *See, e.g., Frazier*, 423 F.3d


collectively provided a substantial basis for finding probable cause to issue the warrant. *See Frazier*, 423 F.3d at 536-37.

     As a result, *Leon* furnishes an alternative basis to validate the search in this matter.

     For the foregoing reasons, the Court recommends that the motion to suppress be DENIED.

     The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1) and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

     This the 12th day of February, 2007.

Signed By:
Robert E. Wier   REW
United States Magistrate Judge

---

at 536-37.